By the Court.—O’Gorman, J.
The facts are that plaintiff, while walking along Fourth street in this city, fell over a large block of stone which had been used as a stepping stone and for a long time allowed to be on the sidewalk, and The plaintiff was badly hurt thereby.
The learned trial judge submitted to the jury the question at issue whether the negligence of the defendants contributed to the disaster, but directed the jury, as a matter of law, that the defendant corporation was *433 negligent in allowing the block to remain on the sidewalk. To this direction, the defendant corporation excepted, and the only question to be considered on this appeal is whether that exception was well taken.
In the case of Dubois v. City of Kingston, 102 N. Y. 221, the plaintiff was injured from a similar cause, and had a verdict and judgment in his favor, from which the defendant appealed. The Court of Appeals held that the court erred on the trial in denying the defendant’s motion to dismiss the complaint, and that there was no evidence which justified the conclusion that the stepping stone, there in question, was dangerous to travellers or that the defendant, the city of Kingston, was liable for negligence in allowing it to remain on the sidewalk.
This decision was rendered since the trial of the case at bar, and it may justly be inferred from it, that in the opinion of the court, the question whether the allowing such an obstruction to remain on the sidewalk was in itself negligence, should be left to the jury under all the circumstances of each case, as a question of fact.
The refusal in the case at bar, to send the question to the jury was, therefore, error.
The judgment should he reversed and a new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., concurred.